### W. H. STEWART v. WESTWOOD BRICK CO. ET AL.

MECHANIC'S LIEN DOES NOT ATTACH IN FAVOR OF SUBCONTRACTOR OR MATERIAL MEN DEALING WITH SUBCONTRACTOR.

> Under the provisions of Lan. R. L. 5100 and 5117 (R. S. 3184 and 3195), no lien attaches on real property in favor of subcontractors, laborers and those furnishing material to subcontractors, where no contractual relation exists between them and the owner of the property.

ERROR to Hamilton common pleas court.

**C. J. Hunt,** for plaintiff in error.

**A. K. Nippert,** for Westwood Brick Co.

**C. W. Hoffman,** for Moores Lime Co.

**Outcalt & Foraker,** for Cincinnati Gas & Elec. Co.

GIFFEN, J.

While it is true that the mechanic's lien law has been amended since the decision of *Palmer* v. *Tingle,* 55 Ohio St. 423 [45 N. E. Rep. 313], yet Lan. R. L. 5100 and 5117 (R. S. 3184 and 3195), as now amended, are open to the same objection in so far as they give a lien on the property of the owner to subcontractors, laborers and those who furnish material to subcontractors.

No contractual relation existed between the principal and contractor, William H. Stewart, and the plaintiff, the Westwood Brick Company, or the Moores Lime Company, each of whom furnished material to a subcontractor.

Judgment will be reversed and cause remanded with instructions to distribute $885.06 of the fund to the plaintiff and the Moores Lime Company, in proportion to their respective claims, and the residue of the fund to the principal contractor, William H. Stewart.

**Jelke** and **Swing, JJ.,** concur.